**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 24-2156**

———————

RAMANDEEP SINGH BINDRA,

          Petitioner,

    v.

PAMELA JO BONDI, Attorney General,

          Respondent.

———————

On Petition for Review of an Order of the Board of Immigration Appeals.

———————

Submitted:  October 30, 2025                    Decided:  November 3, 2025

———————

Before RUSHING and BENJAMIN, Circuit Judges, and KEENAN, Senior Circuit Judge.

———————

Petition dismissed by unpublished per curiam opinion.

———————

**ON BRIEF:**  Margaret W. Wong, MARGARET WONG & ASSOCIATES LLC, Cleveland, Ohio, for Petitioner.  Yaakov M. Roth, Acting Assistant Attorney General, Jonathan A. Robbins, Assistant Director, Zoe J. Heller, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ramandeep Singh Bindra, a native and citizen of India, petitions for review of an order of the Board of Immigration Appeals denying, in relevant part, Bindra's motion for sua sponte reopening of his removal proceedings.  Upon review of the parties' briefs, considered in conjunction with the administrative record and the relevant authorities, we agree with the Attorney General that we lack jurisdiction to review this aspect of the subject order.[*]  *See Lawrence v. Lynch*, 826 F.3d 198, 206-07 (4th Cir. 2016) (reaffirming that this court "lack[s] jurisdiction to review how the Board exercises its sua sponte discretion"). Accordingly, we dismiss this petition for review for lack of jurisdiction.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DISMISSED*

---

[*] In this court, counsel for Bindra expressly waives the argument advanced before the Board that reopening was warranted under the changed country conditions exception to the 90-day filing requirement.  *See* 8 U.S.C. § 1229a(c)(7)(C)(ii).  Accordingly, Bindra has forfeited our review of this aspect of the Board's ruling.  *See* Fed. R. App. P. 28(a)(8)(A); *Ullah v. Garland*, 72 F.4th 597, 602 (4th Cir. 2023) (explaining that a party forfeits appellate review of those issues and claims not raised in the party's briefs).

2